STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

GLEN VITRANO, ET UX.

VERSUS

NELLIE FRANKS, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2010-5007-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED AS AMENDED.

Brian M. Caubarreaux
Brian Caubarreaux & Associates
Post Office Box 129
Marksville, LA 71351
(318) 253-0900
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Glen Vitrano
    Patricia Vitrano

Dana G. Hall
Matthew D. Fontenot
Borne & Wilkes, L.L.P.
Post Office Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Safeway Insurance Company of Louisiana
    Nellie Franks

 L. Bianca Chretien
John E. Ortego & Associates
Post Office Box 88040
Lafayette, LA   70598-8040
(337) 988-7240
**COUNSEL FOR DEFENDANT/APPELLEE:**
     State Farm Fire & Casualty Company

**AMY, Judge.**

The plaintiffs alleged that they suffered injuries when the defendant backed her vehicle into theirs after executing a turn. The defendant driver denied that she put her vehicle into reverse or that there was contact between the two vehicles. Following a bench trial, the trial court assigned seventy-five percent of the fault to the defendant and twenty-five percent of the fault to the plaintiffs. The defendant driver and her insurer appeal. For the following reasons, we affirm as amended.

## Factual and Procedural Background

Glen and Patricia Vitrano allege that they were following the vehicle of Nellie Franks on February 19, 2010 in Hessmer, Louisiana. They assert that Ms. Franks turned onto Bedo Street, where her daughter lived. However, after doing so, the plaintiffs contend that Ms. Franks slowed, then stopped, her vehicle, and then subsequently backed her vehicle into theirs. Mr. Vitrano, the driver of the Vitrano vehicle, testified that, after Ms. Franks backed her vehicle into their car, he reached his arm through his window and struck Ms. Franks' car in order to get her attention. He claimed that she then struck their vehicle again.

Mr. and Mrs. Vitrano filed this suit, seeking damages associated with the injuries they allege resulted from the accident. They named Ms. Franks as a defendant, as well as her insurer, Safeway Insurance Company, and their own insurer, State Farm Fire & Casualty Company.

The matter proceeded to a bench trial, where Ms. Franks denied placing her car into reverse and further denied contact between the two vehicles. In reasons for ruling, the trial court observed the two distinct versions of events and ultimately assessed fault to both drivers. The resulting judgment apportioned seventy-five percent of the fault to Ms. Franks and twenty-five percent of the fault to Mr. Vitrano. As for damages, the trial court awarded Mrs. Vitrano $6,354.76 in

special damages and $20,000.00 in general damages. It awarded Mr. Vitrano $3,530.40 in special damages and $12,000.00 in general damages. It thereafter reduced those awards in light of the twenty-five percent apportionment of fault to Mr. Vitrano.

Ms. Franks and her insurer appeal, assigning the following as error:

> The trial court erred in finding that Nellie Franks was 75% at fault and therefore awarded excessive damages to the plaintiffs.

## Discussion

*Fault*

Ms. Franks and her insurer first assert that the trial court erred in finding Ms. Franks at fault, at all. They primarily assert that the evidence supported Ms. Franks' version of events, which they contend indicated that she did not place her vehicle into reverse and that there was no contact between the cars. They point both to Ms. Franks' testimony in this regard and to that of the investigating police officer, who testified that Ms. Franks explained to him at the scene that "she had no reason to back up she was going to her daughter's house."

In reviewing the trial court's finding of fault on the part of both drivers, we are mindful of the duty-risk analysis which requires proof that: 1) the actor had a duty to conform his or her conduct to a specific standard of care; 2) the actor did not conform his or her conduct to the applicable standard of care; 3) the actor's substandard conduct was a cause-in-fact of the alleged injuries; 4) the actor's substandard conduct was a legal cause of the alleged injuries; and that 5) actual damages were sustained. *Brewer v. J.B. Hunt Trans., Inc.*, 09-1408 (La. 3/16/10), 35 So.3d 230. *See also* La.Civ.Code art. 2315[1] and La.Civ.Code art. 2316.[2]

---

[1] Article 2315(A) provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

Undoubtedly, Mr. Vitrano, as the following motorist in this case, owed the statutory duty set forth by La.R.S. 32:81(A), which provides that: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."[3] In fact, and as pointed out by the defendants, a presumption of negligence arises when a following motorist is involved in a rear-end collision. *Brewer*, 35 So.3d 230. However, the following driver may rebut that presumption by establishing that the unpredictable operation of the preceding vehicle created a situation which the following motorist could not reasonably have anticipated. *Cheairs v. State ex rel. DOTD*, 03-0680 (La. 12/3/03), 861 So.2d 536.

In this case, the trial court observed that the parties offered starkly differing accounts of the incident. It ultimately concluded that a collision had, in fact occurred, rejecting, in part, Ms. Franks' assertion that there had been no collision.[4] The trial court determined that it was "undisputed that the left front fender of the Vitrano vehicle was damaged."

As for the occurrence of the accident, the trial court explained that it was "convinced that the subject accident, more probably than not, occurred in the following manner":

---

[2] Article 2316 provides: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."

[3] Mr. Vitrano has not appealed the trial court's determination that his own negligence as the following motorist was a cause of the subject accident.

[4] The trial court further remarked that each of the witnesses who testified did so "in a very credible manner." It noted that: "In her testimony Franks also admitted that her medications affect her memory, however, she appeared to recall the details of this accident vividly. Franks could not recall details of a prior accident with much specificity and appeared at times confused." The trial court remarked that this problem with Ms. Franks' recall appeared to be related to post-accident health issues. Namely, the record indicates that Ms. Franks suffered a stroke in the time period between the accident and the trial. Her testimony was offered by way of deposition.

Franks was traveling on East School Street in a very slow and indecisive manner. Vitrano was coming down East School Street behind Franks at a speed much greater than that being traveled by the Franks' vehicle. Franks, according to her own testimony, turned left and slowed up. Vitrano was turning left behind Franks with the intent of entering his drive way, being the first house on the right. Vitrano was in a hurry. Franks was in anything but a hurry and turned and slowed her vehicle. Vitrano did not expect Franks to slow up after turning. The accident then occurred.

In light of this finding, the trial court determined that it "must find both parties at fault" and that it was:

> firmly convinced that Nellie Franks was driving very slow and in a "stop and go manner" and this created a hazardous situation, and Vitrano did not pay close enough attention to her mode of travel. Franks' mode of travel did create a driving hazard to herself and to following vehicles. At the same time, and accepting the testimony of Franks, Vitrano, more probably than not, was driving at a faster speed than necessary under the circumstances.

After review of the record, we conclude that the trial court's ultimate conclusion that both drivers were at fault in the occurrence of his accident is neither manifestly erroneous nor clearly wrong. Instead, the record supports a view that there was an impact between the preceding vehicle, that of Ms. Franks, and the following vehicle, that driven by Mr. Vitrano. The trial court permissibly concluded that contact between the vehicles was established by damage on the Vitrano vehicle, thereby rejecting Ms. Franks' assertion that there had been no such contact. Additionally, the trial court found Mr. and Mrs. Vitrano credible insofar as they explained that they witnessed Ms. Franks drive in a stop and go, erratic fashion which created a hazard. In the end, the trial court was not manifestly erroneous in finding that Ms. Franks' operation of the vehicle was negligent as well as a cause-in-fact, and a legal cause of this accident and the resulting injuries.

Accordingly, we do not disturb the trial court's finding of fault on the part of Ms. Franks.

*Allocation of Fault*

In an alternative argument, Ms. Franks and her insurer question the trial court's apportionment of seventy-five percent of the fault to Ms. Franks. They point out that, given Mr. Vitrano's observation of Ms. Franks driving in a stop and go manner, he was in a better position to have avoided the accident. Accordingly, the defendants seek a reduction in the percentage of fault assigned to Ms. Franks and a corresponding reduction in the damages assessed to her.

Louisiana Civil Code Article 2323(A) provides for apportionment of fault in its requirement that:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . . If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

A trial court's finding of percentages of fault under Article 2323 is owed deference, as it is a factual determination. *Clement v. Frey*, 95-1119 (La. 1/16/96), 666 So.2d 607. In the event that an appellate court determines that the apportionment of fault under review is, in fact, clearly wrong, it must adjust the allocation, but only to the extent of lowering or raising it to the highest or lowest point respectively reasonably within the trial court's discretion. *Id.*; *Brewer*, 35 So.3d 230.

Mr. and Mrs. Vitrano each acknowledged that they were aware of Ms. Franks' erratic and uncertain driving as they followed her onto the road where the accident occurred. In fact, Mrs. Vitrano acknowledged that she told her husband to be careful, because she did not know what Ms. Franks was doing. Similarly, Mr. Vitrano testified that Ms. Franks was driving slowly and that he told Mrs. Vitrano

that Ms. Franks "must be lost." Despite this appreciation of the preceding car's indecisive operation, Mr. Vitrano failed to remain at such a distance so as to avoid this accident. For this reason, we conclude that the trial court was clearly wrong in its assessment of greater fault to Ms. Franks.

In determining the highest or lowest percentage of fault that the trial court could have permissibly apportioned under the facts of this case, we consider various factors which may influence the degree of fault assigned, including: "(1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste without proper thought." *Brewer*, 35 So.3d at 244 (citing, *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967 (La.1985)).

Given these factors, it is again clear that each driver must be apportioned with a degree of the fault in causing the accident. With regard to Mr. Vitrano, it is obvious that he was aware of the danger posed by Ms. Franks' driving. Yet, he proceeded to travel closely behind her and, as found by the trial court, did so at a greater rate of speed. Accordingly, it is appropriate that he bear a percentage of the fault equal, at least, to that of Ms. Franks. In light of the standard applicable to reapportionment of the fault on appeal, we raise the percentage of the fault attributable to Mr. Vitrano to fifty-percent, the lowest percentage which was reasonably within the trial court's discretion.

Finding clear error in the trial court's apportionment of fault, we amend and recast the judgment below to reflect that each driver is apportioned fifty percent of the fault in causing the subject accident. We similarly recast the judgment to

reflect that the defendants are responsible for a corresponding percentage of the damages awarded and for a corresponding percentage of court costs.

## DECREE

For the foregoing reasons, we affirm the trial court insofar as it found both Nellie Franks and Glen Vitrano at fault in the subject accident. Further, we leave the amount of damages and interest awarded undisturbed because the overall quantum of those damages was not appealed. However, we amend and recast the remainder of the judgment as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED** that defendant, Nellie Franks, is fifty percent (50%) at fault in causing the accident sued upon and plaintiff, Glen Vitrano, is fifty percent (50%) at fault in causing the accident sued upon.
>
> . . . .
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the amounts awarded herein to Glen and Patricia Vitrano are to be reduced pursuant to the percentages of fault found herein.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the plaintiffs and the defendant are cast with fifty percent of the court costs.

Furthermore, fifty percent of the costs of this appellate proceeding is assigned to the appellants, Safeway Insurance Company and Nellie Franks, and the remaining fifty percent is assigned to the appellees, Glen Vitrano and Patricia Vitrano.

**AFFIRMED AS AMENDED.**